UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Civil No. 08-168 (JRT/JSM) |
| Plaintiff, | |
| v. | **ORDER ADOPTING THE REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE** |
| MARCUS DEVON SMITH, | |
| Defendant. | |

Kimberly A. Svendsen, Assistant United States Attorney,, **UNITED STATES ATTORNEY'S OFFICE**, 600 United States Courthouse, 300 South Fourth Street, Minneapolis, MN 55415, for plaintiff.

Kassius O. Benson, **LAW OFFICE OF KASSIUS O. BENSON, P.A.**, 2915 Wayzata Boulevard South, Suite 101, Minneapolis, MN 55405, for defendant.

This case is before the Court on defendant Marcus Devon Smith's ("Smith") objections to a Report and Recommendation issued by United States Magistrate Judge Janie S. Mayeron. Smith objects to the Magistrate Judge's denial of his motion to suppress evidence obtained pursuant to a search warrant. After a *de novo* review of that objection, *see* 28 U.S.C. § 636(b)(1); Local Rule 72.2(b), the Court adopts the Report and Recommendation of the Magistrate Judge.

## BACKGROUND[1]

In the spring of 2007, Lieutenant Dan Davidson of the Blue Earth County Sheriff's Department made a controlled buy of marijuana from Smith. The investigation was inactive until November 4, 2007, when Lt. Davidson received new information from Brittany Ammerman-Bradshaw ("Ammerman-Bradshaw"), with whom Lt. Davidson had two previous encounters: once when Ammerman-Bradshaw was a juvenile, and once in October 2007 when Ammerman-Bradshaw was arrested for DWI.

At Ammerman-Bradshaw's request, on November 4, 2007, Lt. Davidson met with Ammerman-Bradshaw, Ammerman-Bradshaw's mother, and Ammerman-Bradshaw's friend, Elizabeth Sorgatz ("Sorgatz"). Ammerman-Bradshaw told Lt. Davidson that approximately one to two hours earlier, she was at Smith's house and saw Smith in possession of cocaine. Specifically, Ammerman-Bradshaw stated that she saw Smith take cocaine from one bag, place it in little baggie corners, tie off the corners, and place it into another bag that Ammerman-Bradshaw described to be approximately the size of a softball. Ammerman-Bradshaw also confirmed to Lt. Davidson that she had been present with Smith in the past when he was selling cocaine. Finally, Ammerman-Bradshaw mentioned that she had been in a fight with Smith the night before and Smith had threatened to kill Ammerman-Bradshaw. All of these statements were made in the

---

[1] The facts are repeated below only to the extent necessary to rule on Smith's objections. A more comprehensive statement of facts can be found in the Magistrate Judge's Report and Recommendation. (Docket No. 37.)

presence of Ammerman-Bradshaw's mother and Sorgatz, and neither indicated that Ammerman-Bradshaw was not telling Lt. Davidson the truth.

Lt. Davidson continued to interview Ammerman-Bradshaw outside the presence of Sorgatz and Ammerman-Bradshaw's mother. Lt. Davidson went over Ammerman-Bradshaw's statement again and discussed her relationship with Smith. Lt. Davidson testified at a hearing before the Magistrate Judge that he assumed that Ammerman-Bradshaw came forward with the information about Smith's criminal activity because she was angry at Smith about the previous night's altercation. Although Ammerman-Bradshaw admitted to being present at times when Smith had dealt drugs in the past, she never admitted to dealing the drugs herself or assisting with the bagging of drugs. Lt. Davidson testified that he and Ammerman-Bradshaw did not discuss any quid pro quo for Ammerman-Bradshaw's statement, and there was no discussion of Ammerman-Bradshaw's DWI charge or getting her license reinstated.

After taking Ammerman-Bradshaw's report, Lt. Davidson prepared a search warrant for Smith's residence. Lt. Davidson included in the warrant affidavit information he obtained from Ammerman-Bradshaw, information about the previous controlled buy he made from Smith, and information that Smith had been arrested for narcotics violations in the past. Lt. Davidson's affidavit also stated that in January 2007, Smith was stopped by a Minnesota State Patrol trooper and was found to be in possession of $3,000, for which he could not account from employment records. When the currency was run through an ion scanner, it spiked high for the presence of cocaine and marijuana and the money was seized.

The search warrant referred to the fact that Ammerman-Bradshaw admitted being with Smith numerous times in the past when he was dealing cocaine, and that this went against her penal interest. Prior to submitting the warrant affidavit to the judge, Lt. Davidson checked Ammerman-Bradshaw's local criminal history, but did not run a check through the National Crime Information Center. Although he testified that he was not aware of any pending charges against Ammerman-Bradshaw for terroristic threats at the time he submitted the affidavit, Lt. Davidson later discovered such a charge after speaking with an attorney who was handling the case. Lt. Davidson also testified that he did not include in the warrant application information about Ammerman-Bradshaw and Smith's argument the night before or that Smith had threatened to kill Ammerman-Bradshaw.

Sorgatz, who was in the initial meeting between Ammerman-Bradshaw and Lt. Davidson, later testified that Ammerman-Bradshaw was dishonest in reporting information to Lt. Davidson about Smith's criminal activity. Sorgatz testified to four facts that are relevant to Smith's objections to the Magistrate Judge's Report and Recommendation. First, Sorgatz testified that just before Ammerman-Bradshaw spoke with Lt. Davidson, another officer was asking Ammerman-Bradshaw questions about Smith's involvement with drugs or firearms. Sorgatz stated that the officer informed Ammerman-Bradshaw that "they" had been trying to "get" Smith on several occasions, but Smith never sold drugs to an undercover agent. Second, Sorgatz testified that Ammerman-Bradshaw requested Lt. Davidson's assistance in getting her license back and having assault charges against her dropped. Third, Sorgatz testified that she knew

Ammerman-Bradshaw had not been to Smith's house on the day Ammerman-Bradshaw claimed to see Smith bagging cocaine. Sorgatz based this knowledge on the fact that Ammerman-Bradshaw had called Sorgatz from Ammerman-Bradshaw's mother's house in the morning, and had then called Sorgatz in the afternoon on Ammerman-Bradshaw's cell phone. Sorgatz testified that she knew where Ammerman-Bradshaw was calling from based on her phone's caller ID system. Still, Sorgatz did not tell officers about the phone calls from Ammerman-Bradshaw on that day, nor did she inform officers that she believed that Ammerman-Bradshaw was not at Smith's home on the morning that Ammerman-Bradshaw made the report to Lt. Davidson. Fourth, Sorgatz testified that sometime after they had been to the police station on November 4, Ammerman-Bradshaw admitted to Sorgatz that she had lied at the police station. On December 22, 2007, Sorgatz made a statement to police about the November 4 incident after Ammerman-Bradshaw told Sorgatz that she lied while at the police station.

Lt. Davidson submitted the affidavit and search warrant to a Blue Earth County Judge and, after receiving the judge's signature, executed the warrant. The warrant was executed at Smith's residence, and police recovered approximately eight to nine ounces of cocaine and three firearms. The cocaine was packaged in baggies, and one of the baggies, approximately the size of a baseball, was filled with what appeared to be crack cocaine tied off in baggie corners.

Smith moved to suppress evidence obtained pursuant to the search warrant, arguing that the process leading to the issuance of the warrant violated standards announced in *Franks v. Delaware*, 438 U.S. 154 (1978). The Magistrate Judge denied

the motion to suppress evidence, finding that Lt. Davidson's statements in and omissions from the warrant affidavit did not rise to the level of a *Franks* violation. Smith now objects to the Magistrate Judge's conclusions.

## ANALYSIS

### I.   STANDARD OF REVIEW

A valid search warrant must be supported by probable cause. *Illinois v. Gates*, 462 U.S. 213, 236 (1983); *United States v. Kroons*, 300 F.3d 985, 990 (8th Cir. 2002). "Probable cause exists when, given the totality of the circumstances, a reasonable person could believe there is a fair probability that contraband or evidence of a crime would be found in a particular place." *United States v. Fladten*, 230 F.3d 1083, 1085 (8th Cir. 2000). Any evidence obtained through an unlawful search may be excluded. *Wong Sun v. United States*, 371 U.S. 471, 484 (1963).

When issuing a search warrant, the magistrate judge "make[s] a practical, common sense decision whether [there is probable cause], given all the circumstances set forth in the affidavit . . . including the 'veracity' and 'basis of knowledge' of persons supplying hearsay information." *Gates*, 462 U.S. at 238. A court reviewing the magistrate judge's issuance of the search warrant simply ensures that the issuing court had a substantial basis for concluding that probable cause existed. *Id.* at 238–39 (citation omitted).

A search warrant may be invalid if the issuing judge based the probable cause determination on an affidavit containing false information that was supplied knowingly and intentionally or with reckless disregard for the truth. *Franks,* 438 U.S. at 155–56.

To prevail on such a claim and obtain a *Franks* hearing, "the defendant [must] make[] a substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit, and [that] the allegedly false statement is necessary to the finding of probable cause." *Id.* The defendant may also obtain a *Franks* hearing by making a substantial preliminary showing that the warrant affidavit contained omissions material to the finding of probable cause. *United States v. Oleson*, 310 F.3d 1085, 1090 (8th Cir. 2002). Here, the Magistrate Judge granted a *Franks* hearing after concluding that Smith made the requisite preliminary showing on the issues regarding Lt. Davidson's warrant affidavit.

To prevail at a *Franks* hearing, the defendant must show by a preponderance of the evidence (1) that the affidavit contained a false statement made knowingly and intentionally, or with reckless disregard for the truth; and (2) that the affidavit's remaining content is insufficient to establish probable cause. *Franks*, 438 U.S. at 156; *United States v. Reinholz*, 245 F.3d 765, 774 (8th Cir. 2001). "Inaccurate statements that result from negligence or innocent mistake are insufficient to trigger relief under *Franks*." *United States v. Stevens*, 530 F.3d 714, 718 (8th Cir. 2008) (citing *Franks*, 438 U.S. at 171). For allegations of material omissions from the affidavit, the defendant must show by a preponderance of the evidence (1) that facts were omitted with the intent to make, or in reckless disregard of whether they make, the affidavit misleading; and (2) that the affidavit, if supplemented by the omitted information, could not support a finding of probable cause. *Reinholz*, 245 F.3d at 774. A court may only infer recklessness from the omission of facts if the omitted facts would have been "clearly

critical" to the finding of probable cause. *United States v. Reivich*, 793 F.2d 957, 961 (8th Cir. 1986).

## II.  MOTION TO SUPPRESS EVIDENCE

The Report and Recommendation concluded that Lt. Davidson's alleged false statements and omissions were not reckless under *Franks*. Further, the Magistrate Judge determined that even if the statements or omissions evidenced a reckless disregard for the truth, the remaining affidavit was adequate to supply the probable cause necessary to issue a search warrant. Smith objects to the Report and Recommendation, arguing that Lt. Davidson recklessly stated that Ammerman-Bradshaw's statements were against her penal interests and that Lt. Davidson's recklessly omitted information suggesting Ammerman-Bradshaw's bias against Smith. Smith also contends that if the allegedly false statement is stricken from the affidavit and the omitted information suggesting bias or improper motives is included in the affidavit, the remaining affidavit would not supply probable cause.

### A.  Lt. Davidson's Allegedly False Statement in the Warrant Affidavit

In the warrant affidavit, Lt. Davidson stated that "[t]he confidential informant[2] told your Affiant he/she has seen Smith with cocaine numerous times in the past and has been with Marcus Smith numerous times when Smith deals cocaine **which goes against the informant's penal interest**." (Gov't Ex. 2 (emphasis added).) Smith argues that

---

[2] The confidential informant referred to here and in the warrant affidavit is Brittany Ammerman-Bradshaw.

Lt. Davidson included this statement with reckless disregard for the truth because Ammerman-Bradshaw was not acting against her penal interests. Smith supports his objection by noting that Ammerman-Bradshaw never admitted criminal culpability, nor did law enforcement "threaten[] [her] with arrest." (Docket No. 39.) Smith goes on to claim, "the statement was added . . . simply for the purpose of bolstering the credibility of the informant, rather than providing the reviewing judge accurate information." (*Id.*)

To determine whether an affiant's false statements were made with reckless disregard for the truth, the Court considers "whether, viewing all of the evidence, the affiant must have entertained serious doubts as to the truth of his statements or had obvious reasons to doubt the accuracy of the information he reported." *United States v. Clapp*, 46 F.3d 795, 799 (8th Cir. 1995). Mere negligence or mistake, however, will not invalidate a search warrant. *Franks*, 438 U.S. at 171.

Lt. Davidson testified that he believed Ammerman-Bradshaw's statement was against her penal interest because he considered her statement to be an admission of involvement, at least on a minor conspiracy level, with Smith's cocaine deals. Ammerman-Bradshaw did not admit any criminal culpability, but this Court agrees with the Magistrate Judge that Ammerman-Bradshaw's statement at least suggested complicity with and possibly culpability for previous crimes. *See, e.g.*, *United States v. Graham*, 548 F.2d 1302, 1308 (8th Cir. 1977) ("[The informant's tip contained a statement against penal interest as he admitted that he had accompanied [co-defendant] to Chicago on previous occasions for the purposes of securing heroin."). Smith argues that Lt. Davidson's assertion was made solely to increase the credibility of the informant, but

the Court does not find that in those circumstances Lt. Davidson's statement was therefore *false*.

Regardless, the Court agrees with the Magistrate Judge that even if Lt. Davidson's statement regarding Ammerman-Bradshaw's penal interest was false, the statement was not made with reckless disregard for the truth. *Franks* only requires that the affiant reasonably believe or appropriately accept the information in the affidavit to be true. *Franks*, 438 U.S. 154. Here, as noted above, there was at least a minimal basis for believing that Ammerman-Bradshaw's presence at Smith's previous cocaine deals placed her at risk of prosecution. Even if Ammerman-Bradshaw could not ultimately be culpable for that conduct, Smith has not demonstrated that Lt. Davidson's statement went beyond negligence or mistake. Further, the court issuing the search warrant had before it the full record from which to determine if Ammerman-Bradshaw's statement went against her penal interest. Additionally, this Court finds that Lt. Davidson did not embellish Ammerman-Bradshaw's role as a potential accomplice to Smith, and instead properly characterized the informant's involvement in Smith's previous criminal activities. In those circumstances, the issuing judge had the opportunity to determine for herself or himself if Ammerman-Bradshaw's statement was indeed against her penal interests.

Smith also argues that Lt. Davidson recklessly disregarded the accuracy of Ammerman-Bradshaw's report of Smith's cocaine packaging activities. Smith points to Lt. Davidson's awareness of Ammerman-Bradshaw and Smith's personal history: Lt. Davidson knew that Ammerman-Bradshaw and Smith were previously in a

relationship, that the two had fought, and that Smith subsequently threatened to kill Ammerman-Bradshaw. As a consequence, Smith argues, Lt. Davidson had reason to "disbelieve the informant" because the informant had a "possible motive to fabricate the information." Smith concludes, "[Lt. Davidson] disregarded the possibility of falsehood," which was "compounded by the officer's failure to include the potential bias of the informant in the affidavit." (Docket No. 39.)

The Court addresses Lt. Davidson's alleged material omissions in the following subsection, but finds Smith's argument unpersuasive. Smith offers conclusory statements that, since Lt. Davidson had information suggesting Ammerman-Bradshaw **could** have been motivated by revenge, that Lt. Davidson **should** have had serious doubts about the truthfulness or accuracy of Ammerman-Bradshaw's report. As noted below, however, the Court finds that Lt. Davidson had sufficient information establishing Ammerman-Bradshaw's credibility and corroborating Ammerman-Bradshaw's report such that Lt. Davidson did not intentionally or recklessly include false information in his warrant affidavit.

### B.   Lt. Davidson's Alleged Omissions From the Warrant Affidavit

Smith claims that Lt. Davidson recklessly omitted information from the warrant affidavit that would indicate Ammerman-Bradshaw's bad motives for reporting Smith's drug activities, including information showing that Ammerman-Bradshaw and Smith were previously in a relationship, that Ammerman-Bradshaw and Smith had fought immediately previous to her report to Lt. Davidson, and that Lt. Davidson assumed that

Ammerman-Bradshaw was speaking to him because of that fight. All of this information, Smith argues, would be important to a determination of probable cause because it suggests that Ammerman-Bradshaw was less credible or had improper motives for making her statements. Smith argues that "[a]ny reasonable person would have had some doubt as to the reliability and motives of the disgruntled informant." (Docket No. 39.)

Courts will infer recklessness from the omission of facts in a warrant affidavit, but only if the omitted facts are "clearly critical" to the finding of probable cause. *Reivich*, 793 F.2d at 961. "[A]n affidavit's omission of an informant's motive for providing information," however, is not "necessarily essential to a probable cause determination." *United States v. Taylor*, 471 F.3d 832, 840 (7th Cir. 2006). This is especially true when there is adequate information to show that the informant is sufficiently reliable. *Id.* Here, the omitted information is not clearly critical to the probable cause determination. Ammerman-Bradshaw offered personal knowledge and firsthand observations of Smith's criminal activity to Lt. Davidson on the same day that Ammerman-Bradshaw said she saw Smith packaging cocaine for distribution. This bolsters the veracity of Ammerman-Bradshaw's report and outweighs considerations of Ammerman-Bradshaw's potential motives. *See Lombardi v. City of El Cajon*, 117 F.3d 1117, 1127 (9th Cir. 1997) (noting that the prosecution produced sufficient indicia of reliability of informants who provided personally observed, firsthand details of criminal activity, in spite of the alleged hostility of those witnesses to the defendants). The Court therefore finds that Lt. Davidson's omission of information assessing Ammerman-Bradshaw's motives was not a reckless omission of "clearly critical" facts.

### C. There Is Sufficient Information in the Rewritten Warrant Affidavit to Support a Finding of Probable Cause

The Court adds that even if Lt. Davidson was reckless in his disregard for the truth of statements contained in the warrant affidavit, the remaining affidavit is supported by probable cause. Even where the first prong of the *Franks* inquiry is satisfied, the Court must next "excise the offensive language from the affidavit and determine whether the remaining portion would have established the necessary probable cause." *United States v. Davis*, No. CR. 03-24 2003 WL 21005273, at *2 (D. Minn. 2003) (quoting *United States v Cavazos*, 288 F.3d 706, 710 (5th Cir. 2002)) (internal quotation marks omitted). For allegedly material omissions, "the Court must 'determine whether . . . supplemented with the omitted material, the affidavit's remaining contents are sufficient to establish probable cause.'" *Id.* at *2 (quoting *United States v. Clapp*, 46 F.3d 795, 799 (8th Cir. 1995)). "If the affidavit would have sufficiently provided probable cause without the false information, the warrant d[oes] not violate the Fourth Amendment and the evidence should not [be] excluded." *Id.* at *2 (quoting *Cavazos*, 288 F.3d at 710) (internal quotation marks omitted).

The Magistrate Judge first concluded that after modifying the warrant affidavit to strike the "penal interest" language, the issuing judge's probable cause analysis would not have changed.[3] (Report and Recommendation at 19). Further, after modifying the

---

[3] The full text of the "modified" warrant can be found on page 20 of the Report and Recommendation (Docket No. 37.)

affidavit to include omitted information about Ammerman-Bradshaw's bias or motives, the Magistrate Judge reasoned:

> [A] judicial officer may have found it interesting or useful to know what prompted a confidential informant to come forward with information, [but] at the end of the day, the probable cause analysis is first driven by the substance of what the informant provided and then second, by the indicia of reliability and corroborative information provided in the affidavit to satisfy the reviewing judge "that there is a fair probability that contraband or evidence of a crime will be found in a particular place." *Gates*, 462 U.S. at 238. In this case, knowing why Brittany provided information was not critical to that analysis.

(*Id.*)

Smith objects, stating that "the magistrate's analysis carries the day only if one presumed that the informant was giving truthful information to law enforcement."[4] (Docket No. 39.) Smith argues that this is an improper presumption and that Ammerman-Bradshaw's "possible motives for saying what she said are extremely critical to the analysis before a reviewing judge." (*Id.*) Further, Smith argues that the modified affidavit, "combined with the lack of corroboration by traditional investigative means should have changed the reviewing judge's probable cause analysis." (*Id.*)

This Court agrees with the Magistrate Judge that the affidavit, modified for allegedly false statements and material omissions, supports a finding of probable cause. "Although 'an informant's veracity, reliability and basis of knowledge are all highly

---

[4] Such an assumption is actually appropriate: "When the Fourth Amendment demands a factual showing sufficient to comprise 'probable cause,' the obvious assumption is that there will be a *truthful* showing . . . in the sense that the information put forth is believed or appropriately accepted by the affiant as true." *Franks*, 438 U.S. at 165. Thus, the Court finds that Smith's objection to this implicit reasoning fails.

relevant' in determining whether probable cause exists, . . . they are not 'entirely separate and independent requirements to be rigidly exacted in every case.'" *Stevens*, 530 F.3d at 718 (citing *Gates*, 462 U.S. at 230). Ammerman-Bradshaw's potential motives for coming forward with information about Smith's drug activities factor into the probable cause determination, but other factors, such as other indicia of reliability and independent corroboration in the warrant affidavit, support a finding of probable cause. *Gates*, 462 U.S. at 234 ("[E]ven if we entertain some doubt as to an informant's motives, his explicit and detailed description of alleged wrongdoing, along with a statement that the event was observed firsthand, entitles his tip to greater weight than might otherwise be the case.").

Further, the rewritten affidavit provides sufficient indicia of reliability to support a finding of probable cause. Even if the affidavit contains a material misrepresentation, the warrant will not be invalid if the contents of the affidavit, without considering the false statements, contain other sufficient matter from a reliable informant to support its issuance. *Clapp*, 46 F.3d at 801 n.6. Ammerman-Bradshaw provided a detailed, eyewitness account of Smith's drug activities in his residence on the day that the search warrant was obtained. *See Stevens*, 530 F.3d at 718. Thus, Ammerman-Bradshaw had a strong basis of knowledge that cocaine would be found in Smith's residence, because Ammerman-Bradshaw was present when Smith was packaging the cocaine. Ammerman-Bradshaw's statement was also based on her firsthand observations and Lt. Davidson had the opportunity to evaluate Ammerman-Bradshaw's credibility because the tip was given in person. *See, e.g.*, *United States v. Carter*, 413 F.3d 712, 714–15 (8th Cir. 2005)

(upholding probable cause for a search warrant where the informant's statements were based on firsthand knowledge, despite a lack of independent corroboration).

Finally, the information provided by Ammerman-Bradshaw was sufficiently corroborated to support the Magistrate Judge's conclusions. The corroboration of even innocent, minor details can support a finding of probable cause. *Stevens*, 530 F.3d at 719 (citing *United States v. Solomon,* 432 F.3d 824, 828 (8th Cir. 2005). Here, the corroborated details are significant and similar to Ammerman-Bradshaw's report of Smith's criminal activity:

> [Lt. Davidson's] affidavit contains information that defendant had sold drugs during a controlled buy during the past year to affiant, that defendant had been arrested numerous times for narcotics violations in the past, and that defendant was arrested in January of 2007 after being found in possession of $3,000 cash that registered for the presence of cocaine and marijuana.

(Report and Recommendation at 21.)

The Court finds that the warrant affidavit, as modified by the Magistrate Judge to account for false statements or omitted information, provided a reasonable basis on which to find that contraband or evidence of a crime would be found in Smith's home. As a result, the search warrant was not defective for lack of probable cause, and the evidence obtained pursuant to the execution of that search warrant will not be excluded. Accordingly, the Court adopts the Report and Recommendation of the Magistrate Judge.

**ORDER**

Based on the foregoing, all the files, records, and proceedings herein, the Court **OVERRULES** Smith's objections [Docket No. 39] and **ADOPTS** the Report and

Recommendation of the Magistrate Judge [Docket No. 37]. Accordingly, **IT IS HEREBY ORDERED** that:

1. Defendant Marcus Devon Smith's Motion to Suppress Statements [Docket No. 14] is **DENIED**.

2. Defendant Marcus Devon Smith's Motion to Suppress Evidence Obtained Pursuant to Search Warrant [Docket No. 28] is **DENIED**.


DATED: December 19, 2008                               s/ John R. Tunheim
at Minneapolis, Minnesota.                                JOHN R. TUNHEIM
                                                         United States District Judge